UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:18 CR 708 CDP (JMB) |
| IRVEN L. WHITE, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM, REPORT, AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**[1]

Currently before the Court is Defendant Irven White's Motion to Dismiss Count One. (ECF No. 51) The government opposes White's motion.  (ECF No. 52)

**RELEVANT PRODECURAL BACKGROUND AND FINDINGS OF FACT**

White was previously convicted in this District for the offense of being a felon in possession of a firearm.  (See Cause No. 4:09 CR 816 HEA)  At some point, the Bureau of Prisons placed White at Dismas House, a Residential Reentry Center ("RRC") in this District. According to the government, on or about December 6, 2017, White escaped from custody at Dismas House.  On August 23, 2018, the Grand Jury returned a one-count Indictment charging White with knowingly escaping from Dismas House, in violation of 18 U.S.C. § 751(a).  In relevant part, the Indictment reads as follows:

> On or about December 6, 2017, within the Eastern District of Missouri,
> IRVEN L. WHITE,
> the Defendant herein, did knowingly escape from Dismas House, a facility to which he was lawfully confined by the direction of the Attorney General of the United States by virtue of a judgment and commitment of the United States District Court for the Eastern District of Missouri upon the felony conviction in

---

[1] Pretrial matters have been referred to the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(b).

Cause No. 4:09 CR 816 HEA, for the offense of being a felon in possession of a firearm.

(ECF No. 1)

White was arrested and had his initial appearance in this matter on August 24, 2018. The Court appointed the Federal Public Defender to represent White. The government moved for pretrial detention and a hearing was held on August 28, 2018. An order of detention was also entered on August 28, 2018. White had his arraignment before the undersigned on August 30, 2018. At his arraignment, the Court set a schedule for filing pretrial motions. Before the deadline for filing motions passed, White mailed a pro se letter to the Court which was received and filed under seal on October 9, 2018. (ECF No. 21) In his letter, White made numerous statements relevant to the charges and indicating a belief that, given his circumstances, he would only receive an incident report/violation for absconding or escaping from Dismas House. White emphasized that he eventually returned to Dismas House. White also referenced his mental health status in the letter. Thereafter, White submitted another pro se letter to the Court which was filed on October 12, 2018. (ECF No. 20)

On October 17, 2018, upon the request of White's attorney, the Court extended the deadline for filing pretrial motions until early December 2018. On October 22, 2018, the Court received and filed a pro se motion from White in which he asked the Court to remove the Assistant Federal Public Defender assigned to his case. On October 25, 2018, the undersigned held a hearing on White's pro se motion to remove his attorney. The undersigned allowed the Assistant Federal Public Defender to withdraw and appointed Nicholas Williams, a member of the Court's CJA criminal defense panel. The prior schedule for hearing pretrial motions was vacated and new deadlines were set.

On November 5, 2018, the Court received and filed another pro se letter from White. (ECF No. 31)  This letter notified the Court that White had directed Mr. Williams to file a motion for dismissal based on insufficient evidence and erroneous charges.  On November 9, 2018, the Court received and filed a pro se motion from White seeking dismissal of the Indictment.  (ECF No. 32)  On November 13, 2018, the undersigned denied White's pro se motion to dismiss without prejudice.  (ECF No. 33)  On November 16, 2018, Mr. Williams filed a motion seeking a psychiatric evaluation of White, which the Court granted on November 19, 2018.  (ECF Nos. 34, 35)

During the course of his evaluation and before the Court could determine any issues concerning competency, White continued to send pro se letters and motions to the Court.  (See ECF Nos. 38, 46)  White challenged the indictment, asked to terminate the evaluation, and raised concerns regarding Mr. Williams' representation.  On March 27, 2019, Mr. Williams filed a motion to withdraw as counsel for White.  (ECF No. 47)

On March 28, 2019, the Court held a hearing to address the issues of White's competency to proceed and the status of Mr. Williams' continued representation of White in this matter. White was found competent to proceed.  (ECF No. 49)  After hearing from White, Mr. Williams, and AUSA Thomas Mehan, the undersigned concluded that White had not demonstrated any justifiable dissatisfaction with Mr. Williams' performance.  Rather, based on the record before the Court, including the record made at the March 28th hearing, there was no presently known reason or circumstance to suggest any deficiency concerning Mr. Williams' representation. Similarly, while Mr. Williams and White may disagree on certain matters, there is no apparent conflict or potential conflict of interest.

Mr. Williams agreed that he would make continued efforts to work with White. White, however, expressed some desire to forego counsel and proceed pro se. The undersigned conducted an extensive inquiry, pursuant to Faretta v. California, 422 U.S. 806 (1975). At the end of that inquiry, the undersigned concluded that White did not actually want to represent himself, but rather wanted someone to raise his legal challenge to the Indictment. Having heard from both White and Mr. Williams, the undersigned determined that White's fundamental issue with his representation was that his attorneys had not filed any motion to dismiss the Indictment, but his attorneys did not believe White's arguments were legally sufficient. Accordingly, the undersigned concluded, and White agreed, that Mr. Williams would continue to represent him in this matter and that Mr. Williams would file a motion to dismiss the Indictment that addressed White's concerns and that raised any other issues Mr. Williams deemed advisable.

On April 4, 2019, Mr. Williams filed the instant Motion to Dismiss and the government filed its response in opposition on April 8, 2019. On April 16, 2019, the undersigned held oral argument on the motion. White was present with Mr. Williams, and Mr. Mehan represented the government. The Court heard from both parties. White was allowed to address the Court and agreed that the pending Motion to Dismiss covered his concerns. The Court also made a record of the delays in this case for purposes of identifying any Speedy Trial Act issues. The undersigned noted that, based on a review of the docket, only a few countable days had lapsed—for most of this matter there have been motions pending or a defense request to extend a deadline. No party objected to the Court's conclusion regarding the Speedy Trial Act deadlines.

## DISCUSSION OF ISSUES PRESENTED

In his Motion to Dismiss, White raises two challenges to the single count in the Indictment. First, White argues that Count One fails to satisfy the requirements of Fed. R. Crim.

P. 7(c)(1) because it does not include a plain, concise, and written statement of each essential fact required to charge the offense of escape. In particular, White argues that Count One alleges that he escaped from Dismas House, which is a halfway house and not a "lockdown" facility. According to White, the failure to allege that he escaped from a lockdown facility entitles him to dismissal of Count One.

Second, White argues broadly that his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as the Speedy Trial Act, have been violated and he is entitled to dismissal of Count One. Defendant argues that he was erroneously charged with escape and that the Indictment was fabricated and illegally brought for the purpose of seizing him in violation of his rights.

### A.      Argument No. 1 – Sufficiency of the Indictment

"An indictment is sufficient if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." United States v. Huggans, 650 F.3d 1210, 1217 (8th Cir. 2011) (citation and quotations omitted), cert. denied, 565 U.S. 1202 (2012); see also Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Mallen, 843 F.2d 1096, 1102 (8th Cir. 1988). Moreover, "[a]n indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." Huggans, 650 F.3d at 1217 (citation and quotations omitted). The indictment in this case satisfies this standard.

White is charged with escape, in violation of 18 U.S.C. § 751(a). In relevant part, § 751(a) provides as follows:

> Whoever escapes or attempts to escape from the custody of the Attorney General or his authorized representative, or from **any institution or facility** in which he is confined by direction of the Attorney General, or from any custody under or by virtue of any process issued under the laws of the United States by any court, judge, or magistrate judge, or from the custody of an officer or employee of the United States pursuant to lawful arrest, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined under this title or imprisoned not more than five years, or both ….

(emphasis supplied).

The Eighth Circuit has recently rejected an argument substantially similar to the one White raises now. See United States v. Goad, 788 F.3d 873 (8th Cir. 2015), cert. denied, 136 S. Ct. 1159 (2016). In Goad, a district court revoked Goad's supervised release and ordered him to reside in an RRC. Goad absconded from the RRC and was charged with escape from custody, in violation of § 751(a). See 788 F.3d at 874. Goad moved to dismiss the indictment, arguing that he was not in custody while at the RRC. The district court denied the motion and the Eighth Circuit affirmed the district court. Applying normal statutory interpretation principles, and relying on decades old precedent, the Eighth Circuit explained that

> "a person may be in custody for purposes of § 751(a) even though the physical restraints upon him are minimal and even though the custody be deemed constructive rather than actual." United States v. Cluck, 542 F.2d 728, 736 (8th Cir. 1976). And "it is not necessary … that the escape be from a conventional penal housing unit such as a cell or cell block." Id. at 731. "Specifically, the escape may be from a hospital," id., or a pre-release "halfway house," McCullough v. United States, 369 F.2d 548, 549-50 (8th Cir. 1966), "in which the escapee was properly confined," Cluck, 542 F.2d at 731.

Goad, 788 F.3d at 875.

Although the circumstances by which the defendant in Goad was placed in the RRC are different than White's circumstances, the fundamental issue White raises is not.[2] The Eighth

---

[2] The Eighth Circuit specifically considered the differences between supervised release and pre-release placement in a halfway house. See Goad, 788 F.3d at 876.

Circuit's decision in Goad forecloses any argument that the charge of escape from custody, in violation of § 751(a), requires the government to allege that the defendant was confined in a lockdown facility. Count One otherwise satisfies all of the requirement imposed by Rule 7(c)(1) and the standards outlined in the relevant case law such as, Huggans and Hamling (supra). Accordingly, White's first argument cannot be sustained.

The undersigned recommends that the Court deny White's Motion to Dismiss Count One for failing to allege escape from a "lockdown" facility.

**B.     Argument No. 2 – Denial of White's Rights**

White also argues that the present Indictment violates a variety of his constitutional rights, namely his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. White has stressed, both pro se and through his attorney who is arguing White's position, that the charge does not cover his actual conduct. White argues that he was erroneously charged with escape and that the Indictment was fabricated and illegally put together for the purpose of seizing and detaining him.

Regarding any claim of "fabrication," White's prior pro se pleadings and correspondence include admissions that would seem to refute an argument that the charges are not related to him actually absconding from Dismas House. For example, in his letter to the Court dated October 3, 2018 (filed October 9, 2018) (ECF No. 21), White stated that, "I didn't run away from the half-way house because I wanted to buck the system. I left because I felt I was treated unfairly and that all my levels was took from me and I was placed on total restriction [without] justifiable cause…. I didn't know what else to do at the time. I gave up on that day."[3]

---

[3] In that same letter, White further stated that he returned to Dismas House a few days later and that he believed he would only receive "an incident report" for absconding and escape in accordance with an agreement he purportedly signed.

To the extent White is attempting to litigate the merits of the Indictment or raise a factual defense, the undersigned has already explained to White that it is generally inappropriate to challenge the sufficiency of the evidence against him via pretrial motions.  See United States v. Seawood, 1:17CR42 SNLJ (ACL), 2018 WL 1611672 at *3 (E.D. Mo. Mar. 3, 2015) (explaining that, in criminal cases, a pretrial motion to dismiss is not a proper mechanism to attack the sufficiency of the evidence) (citing United States v. DeLaurentis, 230 F.3d 659, 660 (3d Cir. 2000)).  And to the extent White's motion to dismiss implies that the government could not have submitted sufficient evidence to the Grand Jury to support an indictment, that argument cannot be sustained.  See Costello v. United States, 350 U.S. 359, 363-364 (1956).  "It has long been settled that an indictment is not open to challenge on the ground that there was inadequate or insufficient evidence before the grand jury."  United States v. Nelson, 165 F.3d 1180, 1182 (8th Cir. 1999) (citing Costello); see also Seawood, 2018 WL 1611672 at *3 (quoting Nelson).

In one of his latter pro se pleadings (ECF No. 46), White raised a new argument concerning the Indictment.  In particular, White represented that, on November 16, 2018, he received release papers while he was confined at the Ste. Genevieve County Jail in this matter.  According White, those release papers requested that he provide his probation officer with a legitimate address, report to his probation officer within 72 hours, and that he was placed on supervised release.  White argues that it is impossible for anyone to be simultaneously in custody and on supervised release.  White submitted a copy of the release papers to the Court.  (ECF No. 42)  Those papers indicate a release date of November 22, 2018.

For purposes of deciding the present motion before the Court, the undersigned will assume that the release papers are legitimate.  In addition to noting a release date, however, the papers also state, "**DO NO RELEASE USM HOLD FOR ESCAPE**."  (ECF No. 42 at 3;

-8-

emphasis in original)  Thus, White was not actually released to supervision and the papers indicate he was not to be released due to his escape.  Furthermore, White acknowledges that he received the papers on November 16, 2018, and the release papers themselves reference a release date of November 22, 2018.  The Indictment alleges that White escaped from custody in December 2017.  Therefore, White's argument that he cannot be simultaneously in custody and on supervised release is not apt because he was not on supervised release in December 2017 when he allegedly escaped from custody.  If anything, the release papers are favorable to the government's case, not White's defense.

Finally, White argues that his rights under the Speedy Trial Act have been violated.  White has not explained how his rights have been violated.  As outlined in the procedural and factual background above, the undersigned reviewed the docket in this matter with the parties at the April 16, 2019, hearing and concluded that the deadlines had not been violated.  No party objected to that conclusion.

For the foregoing reasons, the undersigned recommends that the Court deny White's Motion to Dismiss Count One for violating his constitutional and Speedy Trial Act rights.

### **RECOMMENDATION**

Accordingly,

**IT IS HEREBY RECOMMENDED** that White's Motion to Dismiss Count One [ECF Nos. 51] be **DENIED**.

The parties are advised that they have fourteen (14) days in which to file written objections to this Memorandum, Order, and Recommendation, unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the

right to appeal questions of fact.  See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); see also 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a).

This matter is set for trial on June 17, 2019, at 8:30 a.m., before the Honorable Catherine D. Perry, Senior United States District Judge.

/s/ ***John M. Bodenhausen***
UNITED STATES MAGISTRATE JUDGE

Dated this 29th  day of  April  , 2019